KEVIN V. RYAN (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CHINHAYI J. COLEMAN (CSBN 194542)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7073
    FAX: (415) 436-6748

Attorneys for Defendant JO ANNE B. BARNHART, Commissioner, Social Security Administration

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PATRICIA HESTER, | No. C 04-3511 TEH |
| Plaintiff, | [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |
| v. | |
| JO ANNE B. BARNHART, Commissioner, Social Security Administration, | |
| Defendant. | |

    Subject to the approval of this Court, the parties hereby stipulate to the following protective order.

    1.    In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").

    2.    Confidential documents shall be so designated by stamping copies of the document to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any mulitpage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

[PROPOSED] STIPULATED PROTECTIVE ORDER
C 04-3511 TEH

1

3.       Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4.       Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5.       The parties anticipate that documentation concerning production levels of government employees who are third-party non-litigants may be relevant in this case. The parties hereby agree that the aforementioned documentation may be produced only to "qualified persons" designated in Paragraph 6 below, and only after execution of the non-disclosure agreement described in Paragraph 6 below.

6.       Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a)    a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b)    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c)    court reporter(s) employed in this action;

    (d)    a witness at any deposition or other proceeding in this action; and

    (e)    any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

[PROPOSED] STIPULATED PROTECTIVE ORDER
C 04-3511 TEH

7. Depositions shall be taken only in the presence of qualified persons.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate. This applies, but is not limited to, information disseminated pursuant to the Public Records Act.

9. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use.

10. This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted; or (b) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. The burden of proof of showing that protection is warranted under this Order is on the party seeking protection. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

11. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties in this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of the Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any part or the absence thereof.

12. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute for no more than six months after final termination of the action concerning the use of information disclosed hereunder. Upon

[PROPOSED] STIPULATED PROTECTIVE ORDER
C 04-3511 TEH

termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

IT IS SO AGREED AND STIPULATED.

Dated: December 1, 2005 ~~November ___, 2005~~

_____
LAWRENCE W. FASANO, JR.
Attorney for Plaintiff Patricia Hester

Dated: December 8 ~~November~~ ___, 2005

KEVIN V. RYAN
United States Attorney

_____
CHINHAYI J. COLEMAN
Assistant United States Attorney

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 12/14/05

_____
HONORABLE THELTON E. HENDERSON
United States District Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER
C 04-3511 TEH

4

Attachment A

## NONDISCLOSURE AGREEMENT

I, ~~Patricia Hester~~, do hereby attest that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>Patricia Hester v. Jo Anne Barnhart</u>, Case Number C 04-3511 TEH, and hereby agree to comply with and be bound the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: 11-10-05                              _Patricia Hester_

TOTAL P.07